JOHN BRADLEY, JR., PETITIONER-RESPONDENT, v. HENRY TOWNSEND MOVING & STORAGE COMPANY, RESPONDENT-APPELLANT.

Argued October 31, 1978—Decided January 9, 1979.

*Mr. Edwin J. McCreedy* argued the cause for appellant (*Messrs. Conant and McCreedy,* attorneys).

*Mr. Philip Bolstein* argued the cause for respondent (*Messrs. Bassin and Bolstein,* attorneys).

The opinion of the court was delivered by

SCHREIBER, J. In this workers compensation case, the Appellate Division, one judge dissenting, modified an award of the Division of Worker's Compensation by holding that petitioner, John Bradley, Jr., fell within the odd-lot doctrine and was therefore entitled to an award of total disability. Respondent appealed to this Court pursuant to *R.* 2:2–1 (a)(2).

Petitioner, who had been employed by respondent in the furniture moving business, injured his back in 1973 when he attempted to lift, with the assistance of two fellow employees, a refrigerator which was resting on his back and loaded on a hand truck. He was disabled because of two resultant herniated discs, for which he underwent a double laminectomy which was only partially successful. The medical testimony offered by the respective parties differed as to the ultimate disability, petitioner's experts testifying to total disability based on orthopedic and neurological factors and respondent's experts asserting that the orthopedic disability was 20% of total and the neurological minimal. Judge Roger Kelly of the Division of Worker's Compensation resolved that petitioner had incurred a permanent partial disability of 60% of total, but rejected his claim of total disability.

A brief summary of the evidence on the odd-lot aspect of the case discloses that petitioner had completed the first year of high school, and that during the Korean War he had served in the Air Force as a platoon sergeant in an anti-aircraft battery and as a drill instructor. His treating physician, Dr. Wolkstein, testified that Bradley could do work which did not involve heavy lifting and standing for prolonged periods. Petitioner stated that he had not looked for any work even after he had been discharged by Dr. Wolkstein. Dr. Kesner, a clinical psychologist, testifying

on behalf of petitioner, thought that Bradley's ability to return to gainful employment "would be very difficult." He placed petitioner's mental capacity at an achievement level comparable to a fifth grade student, although conceding that he was mentally capable of working on an assembly line and doing a repetitive function. Dr. Kesner could not explain the apparent inconsistency between petitioner's military duties and the results of his psychological tests. Respondent's medical expert testified, on the other hand, that petitioner was capable of returning to work.

Judge Kelly concluded that petitioner was not unemployable by reason of a combination of mental or physical inadequacies as a matter of reasonable medical probability. The Appellate Division, however, upon its review of the evidence *de novo*, found that the odd-lot doctrine applied. It ignored *Close v. Kordulak*, 44 *N. J.* 589 (1965), by not limiting its inquiry solely to whether the findings made by the Judge of Worker's Compensation could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility and with due regard to his expertise. *Id.* at 599. Further, the court below ignored our directive in *Germain v. Cool-Rite Corp.*, 70 *N. J.* 1 (1976), that the ultimate burden of proof in an odd-lot case is upon the petitioner. So, even if petitioner had made out a *prima facie* case of unemployability and respondent offered no proof of employment availability, the Judge of Worker's Compensation, when reviewing the entire record, might still find that petitioner had not satisfied his ultimate burden of proof. *Id.* at 9–10.

After reviewing the evidence in some detail at the conclusion of the hearing, Judge Kelly stated:

After careful consideration of all the evidence that has been adduced before me, I am persuaded that the petitioner is not at this time 100 percent permanently and totally disabled. At the outset, I had indicated there was an element of lack of credibility on

his part, and I point out at this time that the petitioner shows no motivation to get work. He is receiving workers' compensation benefits and $319 a month Social Security, and he is seeking additional workers' compensation benefits.

I do not believe that he has real use for the cane in getting about, and I feel that short of some additional effort on his part to obtain some suitable employment, the evidence as to total disability is at best of dubious nature.

I am satisfied and so find that petitioner is not totally disabled by reason of any combination of circumstances. There is no evidence of a persuasive nature that indicates that he is unemployable either by reason of a combination of mental or physical inadequacies as a matter of reasonable medical probability, and I so find.

These findings are fully supportable in the record. The evidence was conflicting. In that posture of events the established law requires that due deference be given to the judge who heard the witnesses and had the feel of the case.

The judgment of the Appellate Division is modified and the judgment of the Division of Worker's Compensation reinstated.

PASHMAN, J., dissenting. I dissent from the Court's holding for substantially the reasons stated by the Appellate Division majority. Its opinion is both well-reasoned and persuasive. A few remarks are necessary, however, to refute the misinterpretation of *Germain v. Cool-Rite Corp.*, 70 *N. J.* 1 (1976), by this Court's majority.

The majority states that under *Germain*:

* * * even if petitioner had made out a *prima facie* case of unemployability and respondent offered *no proof of employment availability*, the Judge of Worker's Compensation, when reviewing the entire record, might still find that petitioner had not satisfied his ultimate burden of proof.

[*Ante* at 534, emphasis added]

This conclusion is manifestly incorrect. Caselaw dealing with the odd lot doctrine has established that where petitioner makes out a *prima facie* case the *burden of coming forward*

*with proof of employability* rests upon the employer. *Germain, supra,* 70 *N. J.* at 10. *See, e. g., Oglesby v. American Dredging Co.,* 64 *N. J.* 538, 548 (1974) ; *Barbato v. Alsan Masonry,* 64 *N. J.* 514, 529–530 (1974) ; *Zanchi v. S & K Construction Co.,* 63 *N. J.* 331 (1973) ; *Lightner v. Cohn,* 76 *N. J. Super.* 461, 468 (App. Div.), certif. den. 38 *N. J.* 611 (1962). This burden of coming forward, also known as the burden of producing evidence, clearly subjects the party bearing the burden to judgment against him if he fails to introduce any evidence at all. *Germain, supra,* 70 *N. J.* at 9 ; *In re Weeks,* 29 *N. J. Super.* 533, 536–538 (App. Div. 1954) ; *Evid. R.* 1(5) ; 9 *Wigmore on Evidence,* § 2487 (1940) ; McCormick, *Evidence,* § 336, § 338 (2d Ed. 1972).[1]

The burden of proof, sometimes called the burden of persuasion, is the ultimate requirement of convincing the trier of fact that an alleged fact is true. *See Wigmore; McCormick, supra.* This burden does not shift, *see, e. g., Bornstein v. Metropolitan Bottling Co.,* 26 *N. J.* 263, 269 (1958); *Hughes v. Atlantic City & Shore R.R. Co.,* 85 *N. J. L.* 212, 216 (E. & A. 1914), except in certain special cases. *See, e. g., In re Davis' Will,* 14 *N. J.* 166 (1953) (presumption of undue influence). The petitioner in an odd lot case always retains this burden. *Germain, supra,* 70 *N. J.* at 9–10. The burden of producing evidence, on the other hand, operates

---

[1]Some confusion may exist because of the dual judicial meanings of the phrase *prima facie.* The term is sometimes used to describe the quantity of evidence a party must introduce as to a disputed fact to avoid a directed verdict as to that fact. In such a case, the opponent need not produce any evidence in order to allow the question to be submitted to the trier of fact. In the second sense, *prima facie* is used to denote when the proponent of a fact has shown sufficient proof to warrant what may be called a presumption of that fact. Here, the burden of producing evidence does shift to the opponent and he must introduce contrary evidence in order to avoid a directed verdict as to that fact. *See Wigmore, McCormick, supra.* The latter use of the word *prima facie* is clearly the one envisioned by *Germain,* as that opinion specifically spoke of the "burden of coming forward" resting upon the employer. 70 *N. J.* at 10.

as a presumption, requiring the party bearing the burden to introduce contrary evidence. This does not shift the burden of proof. The burdened party need not show more evidence than that offered by the party who has made a *prima facie* case, but need only show some substantial evidence. *In re Weeks, supra.* However, if he fails to produce any such evidence, the plaintiff's "presumption" has not been "rebutted," and plaintiff is entitled to judgment. *Evid. R.* 1(5).[2]

What this means in the context of the odd lot doctrine is that once a *prima facie* case has been made out, the burden of producing evidence of employability rests on the employer. If he fails to introduce any evidence, judgment should be entered in favor of the petitioner. If, however, the employer does introduce some substantial evidence of employability, the burden of proof comes into effect and the compensation judge, in order to hold for the petitioner, must find that the petitioner has established his unemployability by the preponderance of the evidence. This was the situation clearly envisioned in *Germain.* The reference there to "burden of proof" related to a hearing on remand at which it was assumed that the employer would introduce evidence. In such a situation the petitioner would bear the burden of proof as discussed above.

Even apart from the clear language in *Germain* mandating that the employer produce evidence of employability, the procedure there suggested indicates that such a burden is

[2]The relationship between these two burdens is addressed in the Official Comments to *Evid. R.* 1(5). It is there stated that:

The burden of producing evidence may differ from the burden of proof during the course of a trial, as where the proponent of a fact is aided by a presumption. When the presumption is validly invoked, the opponent of the fact to be presumed must produce evidence sufficient to rebut the presumption, or risk a peremptory finding against him. * * * Once a defendant against whom a presumption would work comes forth with sufficient evidence to rebut the presumption (See Rule 14), the burden of proof remains on the plaintiff, and if he does not meet it, he will suffer a judgment against him. * * * *

placed upon the employer. The Court stated that the employer may, at the close of petitioner's case, request a ruling from the judge "as to whether petitioner has established a *prima facie* case of total permanent disability under the odd-lot doctrine * * *." 70 *N. J.* at 10. Upon such a request "the judge shall make such a determination *so that the respondent can know whether it has the burden of coming forward with proof of employability."* *Id.* (Emphasis added.) Such a procedure would be meaningless unless a ruling that a *prima facie* case was made out requires that the employer produce some evidence. If, as advocated by the majority, the existence of a *prima facie* case has no legal effect, there would be no reason for establishing a special procedure to inform the employer whether such a showing had been made. Inasmuch as the majority's interpretation of *Germain* would render nugatory the procedure specifically there suggested, that interpretation must be rejected. In essence, the majority is, in the guise of interpreting *Germain,* overruling much of its substance.

For the foregoing reasons, I believe that it is the bare majority of this Court, and not the Appellate Division, that has misconstrued *Germain.* Therefore, I would affirm.

HUGHES, C. J., and HANDLER, J., dissenting: We would affirm the judgment substantially for the reasons expressed in the majority opinion of the Appellate Division, reported at 164 *N. J. Super.* 467 (1978).

*For modification and reinstatement*—Justices MOUNTAIN, SULLIVAN, CLIFFORD and SCHREIBER—4.

*For affirmance*—Chief Justice HUGHES and Justices PASHMAN and HANDLER—3.