200 N.J. Super. 116 (1985)
490 A.2d 374
RICHARD DOWSON, PETITIONER-APPELLANT,
v.
BOROUGH OF LODI, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 12, 1985.
Decided April 1, 1985.
*118 Before Judges MICHELS and BAIME.
Raymond R. Pilch, for appellant.
Haskins, Hack, Piro & O'Day, for respondent (Joseph V. Wallace, of counsel and on the brief).
PER CURIAM.
Petitioner-employee Richard Dowson appeals from a judgment of the Division of Workers' Compensation in favor of respondent-employer Borough of Lodi dismissing his claim for compensation benefits on the ground that he failed to sustain the burden of proving that the accident and resulting injuries he sustained while playing as a volunteer participant on the volunteer fire department's softball team arose out of and in the course of his employment with respondent. The judge of compensation found that because the volunteer fire company did not compel participation on the softball team, playing on the team was not a regular incident of petitioner's duty as a volunteer fireman and his injuries therefore were non-compensable *119 under the 1979 amendment to N.J.S.A. 34:15-7 which became effective on January 10, 1980.[1]
We have studied carefully the entire record in light of the arguments presented and are satisfied that the findings and conclusions of the judge of compensation "could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility and with due regard to his expertise." Bradley v. Henry Townsend Moving & Storage Company, 78 N.J. 532, 534 (1979). See also Close v. Kordulak Bros., 44 N.J. 589, 598-599 (1965); DeAngelo v. Alsan Masons Inc., 122 N.J. Super. 88, 89-90 (App.Div. 1973), aff'd o.b. 62 N.J. 581 (1973). We find no sound basis or justification for disturbing these findings and conclusions. See R. 2:11-3(e)(1)(D) and (E).
*120 Moreover, the decision reached by the judge was controlled by and consistent with the principles enunciated by this court in Cotton v. Worthington Corp., 192 N.J. Super. 467 (App.Div. 1984), certif. den., 96 N.J. 301 (1984). Cuna v. Bd. of Fire Com'rs, Avenel, 42 N.J. 292 (1964), upon which petitioner relied and which, construing N.J.S.A. 34:15-43, held compensable an injury sustained by a volunteer fireman while playing on his company's softball team, does not mandate a contrary conclusion.[2] The Supreme Court there held that participation on an unauthorized softball team constituted "public fire duty" for purposes of the statute. However, subsequent amendments *121 to N.J.S.A. 34:15-43 and N.J.S.A. 34:15-7 substantially limited Cuna's applicability to nonwork-related injuries. Immediately following the Supreme Court's opinion in Cuna our Legislature adopted an amendment to N.J.S.A. 34:15-43 (L. 1964, c. 257, § 1, eff. Jan. 1, 1965) which eliminated the phrase "of said volunteer firemen or marshals, either with or without their fire apparatus" (emphasis supplied) after "or parade" in the statute's second paragraph. The Supreme Court in Cuna relied heavily upon the underlined portion of this deleted language to give N.J.S.A. 34:15-43 its liberal construction. The Legislature clearly intended its 1964 amendment to narrow the scope of the nonwork-related activities compensable under the statute.
In addition, the Legislature amended N.J.S.A. 34:15-7 in 1979 to restrict the availability of workers' compensation benefits for injuries sustained in recreational or social activities. The amendment subjected volunteer firemen to the same additional requirements prerequisite to recovery for injuries sustained in recreational and social activities as those to which other workers are subjected: that the activity be a regular incident of the fireman's duties and that the activities produce a benefit to the employer beyond improvement in employee health and morale.
The 1979 amendment to N.J.S.A. 34:15-7 also laid to rest "the mutual benefit doctrine" relied on in part by the Supreme Court to justify its holding in Cuna. Indeed, the benefits to the volunteer fire department cited by the Supreme Court in Cuna pursuant to the "mutual benefit doctrine" were of precisely the kind presently designated by N.J.S.A. 34:15-7 as inapposite for purposes of liability, that is, those related to employee health and welfare.
*122 Finally, the 1979 amendment to the workers' compensation statute, taken as a whole, confirmed our Legislature's intention to limit recoveries under the statute to work and duty-related injuries. See SENATE LABOR, INDUSTRIAL AND PROFESSIONS COMMITTEE, Joint Statement To Senate Committee Substitute for Senate No. 802 and Assembly Committee Substitute for Assembly No. 840 (November 13, 1979).
The amendments to N.J.S.A. 34:15-7 and N.J.S.A. 34:15-43 significantly narrowed the scope of compensability for non-work related injuries incurred by volunteer fireman. Of course, N.J.S.A. 34:15-43 still includes "participation in any authorized public drill, showing, exhibition, fund-raising activity, or parade" as falling within a volunteer fireman's public duty. However here, at the time of petitioner's injuries, the softball team was not involved in a fund-raising activity nor did the game constitute a "public drill" or "parade" within the plain meaning of those terms.
Accordingly, the judgment under review is affirmed substantially for the reasons expressed by Judge Feeley in his oral opinion of March 28, 1984.
Affirmed.
NOTES
[1] N.J.S.A. 34:15-7 (L. 1979, c. 283, § 1), in pertinent part, provides:

When employer and employee shall by agreement, either express or implied, as hereinafter provided, accept the provisions of this article compensation for personal injuries to, or for the death of, such employee by accident arising out of and in the course of his employment shall be made by the employer without regard to the negligence of the employer, according to the schedule contained in sections 34:15-12 and 34:15-13 of this Title in all cases except ... when recreational or social activities, unless such recreational or social activities are a regular incident of employment and produce a benefit to the employer beyond improvement in employee health and morale, are the natural and proximate cause of the injury or death. [Emphasis supplied].
The Legislature added the underlined portion of this statute as part of the 1979 amendments to the Workers' Compensation Act. The provision was intended to declare "injuries sustained during recreational or social activities sponsored by the employer to be noncompensable unless such activities are a regular part of the employment...." N.J. SENATE LABOR, INDUSTRIAL AND PROFESSIONS COMMITTEE, Joint Statement to Senate Committee Substitute for Senate No. 802 and Assembly Committee Substitute for Assembly No. 840 (November 13, 1979). The provision accordingly precludes employer liability for such injuries unless the injured employee establishes that the recreational or social activity (1) was a regular incident of employment and (2) produced a benefit to the employer beyond improvement in employee health and morale. See Cotton v. Worthington Corp., 192 N.J. Super. 467, 471 (App.Div. 1984), certif. den. 96 N.J. 301 (1984).
[2] The Supreme Court decided Cuna v. Bd. of Fire Com'rs, Avenel, supra, on May 4, 1964. At that time the relevant portions of N.J.S.A. 34:15-43 stated:

"Every officer, appointed or elected, and every employee of the State, county, municipality or any board of commission, or any other governing body, including * * * each and every active volunteer fireman doing public fire duty and also each and every active volunteer first aid or rescue squad worker, including each and every authorized worker who is not a member of the volunteer fire company within which the first aid or rescue squad may have been created, doing public first aid or rescue duty under the control or supervision of any commission, council or any other governing body of any municipality, any board of fire commissioners of such municipality or of any fire district within the State, or of the board of managers of any State institution, and every county fire marshal and assistant county fire marshal, who may be injured in line of duty shall be compensated under and by virtue of the provisions of this article and article 2 of this chapter (sections 34:15-7 et seq.). * * *
As used in this section, the terms `doing public fire duty' and `who may be injured in line of duty,' as applied to active volunteer firemen, county fire marshals or assistant county fire marshals, shall be deemed to include participation in any authorized construction, installation, alteration, maintenance or repair work upon the premises, apparatus or other equipment owned or used by the fire company, participation in any authorized public drill, showing, exhibition, or parade of said volunteer firemen or marshals either with or without their fire apparatus and to include also the rendering of assistance in case of fire and, when authorized, in connection with other events affecting the public health or safety, in any political subdivision or territory of another State of the United States or on property ceded to the Federal Government while such assistance is being rendered and while going to and returning from the place in which it is rendered." In subsequent amendments effective January 1, 1965, the Legislature substituted "member of volunteer fire company" or its plural form for "active volunteer fireman"; inserted the term "fund raising activity" after "exhibition" in the second paragraph; and deleted the phrase "of said volunteer firemen or marshals" after "or parade" in the statute's second paragraph. See N.J.L. 1964, c. 257, § 1.