**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4959-16T2

THOMAS PALLOTTA,

    Petitioner-Appellant,

v.

UNITED AIRLINES,

    Respondent-Respondent.

_____

Submitted April 11, 2018 — Decided June 20, 2018

Before Judges Currier and Geiger.

On appeal from the New Jersey Department of
Labor and Workforce Development, Division of
Workers' Compensation, Claim Petition No.
2014-25491.

Martin Melody, LLC, attorneys for appellant
(Eugene J. Melody and Nancy S. Martin, of
counsel and on the briefs).

Braff Harris Sukoneck & Maloof, attorneys for
respondent (Daniel A. Lynn, on the brief).

PER CURIAM

    In this workers' compensation case, petitioner Thomas

Pallotta appeals from the counsel fee award in the June 13, 2017

order approving settlement. Because the workers' compensation

judge refused to place her reasons on the record as required under Rule 1:7-4(a), we vacate the order and remand for further proceedings.

Petitioner sustained injuries while at work and filed a claim for workers compensation benefits. After three years of litigation, the parties reached a resolution and appeared in court on June 13, 2017 for judicial approval of the settlement. At the close of the proceeding, petitioner's counsel noted the counsel fee award was 15% and not the maximum 20% fee authorized under N.J.S.A. 34:15-64. The following colloquy ensued:

> COUNSEL: Your Honor, is there a reduction in counsel fee in this case?
>
> THE JUDGE: Yes.
>
> COUNSEL: Why?
>
> THE JUDGE: You can appeal me.
>
> COUNSEL: Can I be heard on that?
>
> THE JUDGE: You can appeal me.

Thereafter, the judge left the bench.

On appeal, petitioner argues that the judge erred in reducing the counsel fee award without providing any reasons, findings, or justifications on the record or in a written opinion.

"The factual findings of the compensation court are entitled to substantial deference." Ramos v. M & F Fashions, Inc., 154

N.J. 583, 594 (1998).  In reviewing the decision of a workers' compensation judge, this court

> must "limit[] its inquiry solely to whether the findings . . . could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of one who heard the witnesses to judge of their credibility and with due regard to his expertise."
>
> [Ibid. (quoting Bradley v. Henry Townsend Moving & Storage Co., 78 N.J. 532, 534 (1979)).]

Rule 1:7-4(a) states that a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state [his or her] conclusions of law thereon in all actions tried without a jury."  "The rule requires specific findings of fact and conclusions of law." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2018).  As noted by our Supreme Court,

> [b]ecause it is fundamental to the fairness of the proceedings and serves as a necessary predicate to meaningful review . . . "a trial court must analyze the [relevant] factors in determining an award of reasonable counsel fees and then must state its reasons on the record for awarding a particular fee."
>
> [R.M. v. Supreme Court of N.J., 190 N.J. 1, 12 (2007) (alteration in original) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)).]

Here, the compensation judge failed to explain her reasons for the attorney fee award and refused to do so even after

3                                                    A-4959-16T2

requested by counsel. Instead, she directed counsel to "appeal [her]." We discern no basis for the court's antagonistic reaction. All parties are entitled to the reasons for a court's decision. Therefore, we vacate the portion of the settlement regarding the fee award and remand to the compensation court to make findings of fact and conclusions of law consistent with Rule 1:7-4(a).[1]

Reversed, vacated, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] The judge presented a letter after appeal to this court pursuant to Rule 2:5-1(b), stating that the petitioner was awarded a 15% counsel fee, which was entirely within her discretion and reasonable under the circumstances. No reasons were given for the reduction of the commonly awarded 20% fee.