**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1188-22

EDMUND G. HUGHES,

    Petitioner-Appellant,

v.

PORT AUTHORITY OF NEW
YORK AND NEW JERSEY and
STATE OF NEW JERSEY
SECOND INJURY FUND,

    Respondents-Respondents.

_____

Submitted January 23, 2024 – Decided January 30, 2024

Before Judges Haas and Puglisi.

On appeal from the Division of Workers' Compensation, Department of Labor and Workforce Development, Claim Petition No. 2005-13091.

Garces, Grabler & Le Brocq, PC, attorneys for appellant (Victor Salvatore Broccoli and Sandra M. Guage-Zachary, on the briefs).

Port Authority Law Department, attorneys for respondent Port Authority of New York and New Jersey (Andres J. Castillo, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Second Injury Fund (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Rebecca A. Glick, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Edmund Hughes appeals from the November 7, 2022 order of the Workers' Compensation Court granting him an increase to a prior compensation award, but denying his claim that he was one-hundred percent disabled. We affirm.

Hughes previously worked as a police officer for respondent Port Authority of New York and New Jersey. On July 14, 2004, Hughes suffered a cardiac injury while on the job. Hughes filed a claim petition and asserted he was totally and permanently disabled. Following a trial, a Judge of Compensation determined that Hughes was "permanently and partially disabled to the extent of [thirty-three-and-one-third percent] of partial total for the cardiac claim."

Hughes thereafter asserted that his condition had worsened and he was now one-hundred percent disabled. Hughes filed a timely application for review and modification of the initial award. He also joined the Second Injury Fund as a respondent. According to the pre-trial order, "[t]he only issue for the court

was whether the incapacity of the petitioner subsequently increased as a result of the cardiac event of July 14, 2004."

Following a multi-day trial, a different Judge of Compensation rendered a comprehensive written decision finding that Hughes was not totally disabled, but that his disability had increased from thirty-three-and-one-third percent to forty-five percent of permanent partial total. The judge based his decision on the evidence developed during the trial, which included testimony from experts presented by Hughes and the Port Authority, Hughes's own testimony, and numerous medical records.[1]

On appeal, Hughes argues that he proved "a worsening of his cardiac condition and submits that he is entitled to an award of [one-hundred percent] permanent total." Hughes also asserts for the first time that the judge should have required the Port Authority to pay a Medicare lien.

We have considered these contentions in light of the record and the applicable legal principles. Our review leads us to conclude that the judge's decision is supported by sufficient credible evidence in the record as a whole, and that Hughes's arguments are without sufficient merit to warrant extended

---

[1] Because the judge found that Hughes was not one-hundred percent disabled, the judge dismissed his claim against the Second Injury Fund. Hughes does not challenge that ruling on appeal.

discussion in a written opinion. See R. 2:11-3(e)(D) and (E). We add the following brief comments.

In reviewing decisions of judges in the Division of Workers' Compensation, "[t]he factual findings of the compensation court are entitled to substantial deference." Ramos v. M & F Fashions, 154 N.J. 583, 594 (1998). We limit our inquiry

> to whether the findings made by the Judge of Workers' Compensation could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of [the] one who heard the witnesses to judge of their credibility and with due regard to his expertise.
>
> [Ibid. (quoting Bradley v. Henry Townsend Moving & Storage Co., 78 N.J. 532, 534 (1979)).]

We may not substitute our own factfinding for that of the judge of compensation. Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 488 (App. Div. 2000). We must defer to the factual findings and legal determinations made by the judge of compensation "unless they are 'manifestly unsupported by or inconsistent with competent relevant and reasonably credible evidence as to offend the interests of justice.'" Lindquist v. City of Jersey City Fire Dep't., 175 N.J. 244, 262 (2003) (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994)).

A-1188-22

Contrary to Hughes's contentions, the judge thoroughly discussed the evidence presented, made well-supported findings, and based his legal conclusions firmly on the evidence presented at the lengthy trial. While the judge did not specifically discuss his method for arriving at the percentage of Hughes's disability, it is clear that his decision was based upon his assessment of the medical evidence, and his conclusion that Hughes's disability had not drastically changed over time.

Hughes asserts that the judge should have given more weight to his expert's opinion that he was now one-hundred percent disabled. We disagree.

Compensation judges have "expertise with respect to weighing the testimony of competing medical experts." Ramos, 154 N.J. at 598. This court "may not 'engage in an independent assessment of the evidence as if it were the court of first instance.'" Sager v. O.A. Peterson Constr., 182 N.J. 156, 164 (2004) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). Compensation judges who see and hear the testimony are in the best position to assess the demeanor and credibility of the expert witnesses. Ibid.

A "judge of compensation 'is not bound by the conclusional opinions of any one or more, or all of the medical experts.'" Kaneh v. Sunshine Biscuits, 321 N.J. Super. 507, 511 (App. Div. 1999) (quoting Perez v. Capitol

Ornamental, Concrete Specialties, Inc., 288 N.J. Super. 359, 367 (App. Div. 1996)). "That [the judge] gave more weight to the opinion of one physician as opposed to the other provides no reason to reverse th[e] judgment." Bellino v. Verizon Wireless, 435 N.J. Super. 85, 95 (App. Div. 2014) (alterations in original).

Here, the judge fully articulated his reasons for rejecting Hughes's expert's opinion that Hughes was one-hundred percent disabled. We discern no basis for disturbing this well-reasoned conclusion.

We also find no significance in the Social Security Administration's determination that Hughes was entitled to Social Security disability benefits. As Hughes concedes, the Administration has its own statute and applies different standards than the Workers' Compensation Court.

Finally, Hughes argues for the first time on appeal that the judge should have ordered the Port Authority to pay a Medicare lien. However, he did not present any evidence of this lien to the court during the trial. While Hughes did testify that he paid for his medical expenses using his health insurance and Medicare, he did not present any evidence of a Medicare lien to the court during the trial, and the Port Authority's possible responsibility for paying it was not addressed by the parties or the judge.

A-1188-22

Ordinarily, we will decline consideration of an issue not properly raised before the trial court, unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1073). Neither situation exists here and, therefore, we decline to consider Hughes's contention on this point. See Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018) (noting that the function of an appellate court is to review the decisions of the trial court, rather than to decide applications tabula rasa).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1188-22