122 N.J. Super. 88 (1973)
299 A.2d 90
JOHN F. DE ANGELO, PLAINTIFF-RESPONDENT,
v.
ALSAN MASONS INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 2, 1973.
Decided January 12, 1973.
*89 Before Judges COLLESTER, LEONARD and HALPERN.
Messrs. Carton, Nary, Witt & Arvanitis, attorneys for appellant (Mr. James D. Carton, III, on the brief).
Messrs. Norton & Kalac, attorneys for respondent (Mr. Peter P. Kalac, on the brief).
PER CURIAM.
The Division of Workmen's Compensation determined that petitioner, an employee of the appellant, suffered a myocardial infarction which was causally related to his work effort, and awarded him temporary and permanent disability benefits. The thrust of appellant's argument is that the Division's findings were against the weight of evidence in that (a) petitioner's illness was not compensable because it was related solely to everyday emotional stress, and (b) the opinion given on causal relationship by petitioner's medical expert was "a net opinion based on complete speculation."
The scope of our appellate review limits us to a determination of whether the findings of the judge of compensation could reasonably have been reached on sufficient credible evidence present in the whole record, after giving due weight to his expertise in the field and his opportunity *90 of hearing and seeing the witnesses. Jackson v. Concord Co., 54 N.J. 113, 117-118 (1969); Close v. Kordulak Bros., 44 N.J. 589, 599 (1965). This is the same test utilized prior to March 2, 1972, from which date appeals from the Workmen's Compensation Division come directly to us under N.J.S.A. 34:15-66. To effectuate and implement the statute, R. 2:2-3(a) was amended, effective September 5, 1972, abolishing de novo appeals to the County Courts.
In reaching this conclusion, we take judicial note of the fact that hearings before the Division are adversary in nature; are presided over and tried by a judge who must now be an attorney-at law of New Jersey (N.J.S.A. 34:1A-12.1 and N.J.S.A. 34:15-49), and that the judge is required to file a copy of his determination and award (N.J.S.A. 34:15-58). Under such circumstances, the judge of compensation's determination, when reviewed on appeal, is equivalent to a trial by a judge without a jury. Abeles v. Adams Engineering Co., Inc., 35 N.J. 411, 423-424 (1961) State v. Macuk, 57 N.J. 1 (1970). Additionally, the same test is generally applied in appeals to this court from determinations by administrative agencies. E.g. Atkinson v. Parsekian, 37 N.J. 143, 149 (1962); Hornauer v. Div. of Alcoholic Beverage Control, 40 N.J. Super. 501 (App. Div. 1956). See, also, the many examples of the application of this test in the dissenting opinion of Justices Francis and Jacobs in Ricciardi v. Marcalus Mfg. Co., 26 N.J. 445, at p. 454 (1958).
So viewed, we affirm essentially for the reasons expressed by Judge Napier in the Division.