141 N.J. Super. 387 (1976)
358 A.2d 485
LOUIS SHEPLEY, PETITIONER-RESPONDENT,
v.
JOHNS-MANVILLE PRODUCTS CORPORATION, A NEW JERSEY CORPORATION, RESPONDENT-APPELLANT, AND THE COMMISSIONER OF LABOR AND INDUSTRY, AS CUSTODIAN OF THE SECOND INJURY FUND UNDER N.J.S.A. 34:15-94, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 1976.
Decided March 11, 1976.
*389 Before Judges LYNCH, LARNER and HORN.
Mr. Richard H. Thiele, Jr., argued the cause for respondent-appellant (Messrs. Wharton, Stewart & Davis, attorneys; Ms. Joan L. Mott, on the brief).
Mr. Robert N. Golden argued the cause for petitioner-respondent (Messrs. Graham, Yurasko, Golden & Lintner, attorneys).
Mr. Steven A. Tasher, Deputy Attorney General, argued the cause for respondent-respondent (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM:
Petitioner had recovered a workmen's compensation award in 1969 for 12 1/2% partial total permanent disability resulting from inhalation of asbestos dust in connection with his employment. In October 1971 he filed a petition which in effect sought compensation for increased disability and on January 18, 1973 filed another petition requesting the benefits of the Second Injury Fund under N.J.S.A. 34:15-94. The workmen's compensation judge found that petitioner was totally and permanently disabled from exposure from asbestos dust and that he did not qualify for the benefit of the Second Injury Fund. Judgment was entered accordingly and the employer Johns-Manville Products Corporation appeals from both facets of the decision.
*390 The thrust of appellant's argument as to the propriety of the award for total permanent disability pertains to the causal relationship between the work-related exposure and the disabilities contemplated in the award. In particular it asserts that a conceded condition of cancer of the larynx, which was considered by the court as one of the elements making up the total disability complex, was not sufficiently supported by the evidence.
Petitioner was employed by Johns-Manville from 1950 to 1969 during which period he was undeniably exposed to asbestos dust and fumes in the performance of his work. He retired on January 1, 1969 because of medical disability which prevented him from performing his work. The earlier compensation award was obtained on the basis of a pulmonary disability resulting from asbestosis. Subsequent to that award his condition worsened, and in addition to pulmonary and heart complaints he was found to be suffering from carcinoma of the vocal chords and larynx for which he received radiation treatment.
Dr. Saul Lieb, a qualified internist who had particularized experience in the field of asbestosis, testified as to examinations of petitioner in February 1968 and October 1972. On the second examination he found evidence of marked pleural thickening with areas of density in the right lower lung field, as well as scattered opacities in other parts of the lung. The left lower lung was emphysematous. On the basis of his examination and history subsequent to the 1969 award he diagnosed the chest condition as "pneumoconiosis with asbestosis, emphysema and pleuritis," concluded that this was causally related to the exposure to asbestos dust, and estimated a disability of two-thirds of total from this condition.
In addition, he testified that in reasonable medical probability the cancer of the larynx was "both caused and aggravated by his employment." He attributed this latter conclusion to the direct irritating effect of the dust on the tissues in the area of the larynx from the mechanical contact *391 of the dust as it flowed over the area through inhalation over a period of 20 years. In addition, he theorized that the fibers probably reached other areas of the body through the blood stream or lymphatics.
As an additional complication, Dr. Lieb also found that the petitioner was suffering from arteriosclerotic heart disease with coronary insufficiency. On the basis of the overall medical picture he concluded that the patient was totally disabled.
On cross-examination relating to the larynx carcinoma, Dr. Lieb testified that he based his opinion on his own experience and literature on the subject. One of the items of literature he referred to was that of Dr. Selikoff, a recognized authority in asbestos exposure. The specific article did not reach any conclusion on causality between inhalation of asbestos dust and cancer of the larynx, although it did find definite evidence of causal relationship between asbestos exposure and cancer of the other organs of the body.
The appellant relies on the latter piece of evidence in arguing that Dr. Lieb's conclusion was but a net opinion without the scientific support which he alleged. Granting that appellant's position as to the absence of scientific support for Dr. Lieb's conclusion in Dr. Selikoff's article has merit, nevertheless it does not vitiate the total effect of his testimony. It is simply an item affecting the weight of his testimony to be taken into consideration by the fact finder.
Dr. Irving Berney, a qualified otolaryngologist, testified that he examined petitioner on December 19, 1972. He ventured the opinion based on a hypothetical question that the cancer of the vocal chords was causally related to the exposure to asbestos dust. His opinion however was not supported by any scientific explanation other than the fact that he saw an article in the AMA Journal which does not support his thesis so far as it involves causation of larynx or vocal chord cancer. His opinion is therefore conclusory only.
Dr. Lewis called as an expert by respondent did not offer an opinion relating to causation of the larynx cancer. Dr. *392 Kushner in a report admitted into evidence merely states, "There is no evidence that I am familiar with that relates asbestos exposure causally to carcinoma of the larynx."
From the foregoing it is manifest that the compensation judge's finding of total permanent disability stemming from the effects of the several medical infirmities upon the petitioner's function as a working unit is amply supported by the credible evidence. Barbato v. Alsan Masonry, 64 N.J. 514 (1974); Rodriguez v. Michael A. Scatuorchio, Inc., 42 N.J. Super. 341 (App. Div. 1956), certif. den. 23 N.J. 140 (1957). Except for the cancer of the larynx there is no dispute as to the causal relationship between the work-related dust inhalation and the disability.
As to the compensation judge's finding relating to the disability attributable to the cancer, this court cannot engage in weighing the evidence pro and con on the subject. Regardless of our opinion of the weight which should be given to the conclusions of the experts in the case, the testimony of Dr. Lieb constitutes sufficient credible evidence to support the determination of causation by the judge below.
In view of our limited scope of appellate review of the findings of a judge of compensation, we are constrained to affirm. De Angelo v. Alsan Masons, Inc., 122 N.J. Super. 88 (App. Div.), aff'd 62 N.J. 581 (1973); Close v. Kordulak Bros., 44 N.J. 589, 599 (1965).
The additional facet of this appeal involves the eligibility of petitioner for benefits from the Second Injury Fund. The employer seeks a remand for reconsideration of the applicability of the Second Injury Fund (N.J.S.A. 34:15-95) and its potential contribution to the award in favor of petitioner.
The judge of compensation made a finding of total permanent disability at the time of petitioner's retirement on January 1, 1969 on the basis of "a combination of asbestosis, carcinoma of the larynx and vocal chords and probably carcinoma of the lung. These conditions, if not actually caused *393 by the exposure to asbestosis, were certainly substantially accelerated by that exposure." This finding is supported by the credible evidence in the record.
In order for the Second Injury Fund to be invaded, the respondent or petitioner must sustain the burden of proving the factual underpinning of the application of the statute. Ort v. Taylor-Wharton Co., 47 N.J. 198, 207 (1966). The statute provides for further payments only
* * * to persons totally disabled, as a result of experiencing a subsequent permanent injury under conditions entitling such persons to compensation therefor, when such persons had previously been permanently and partially disabled from some other cause; * * *
Applying the legislative prerequisites to the record in this case it is manifest that the parties having the burden have failed to establish the crucial requirement that the prior disability is "from some other cause." The evidence clearly supports the thesis that the total permanent disability found by the court had a causal connection with the prior condition which produced the award of 12 1/2% partial permanent disability. The complex of the facts herein point to a progressive development of the petitioner's condition which brings it within the exceptions of N.J.S.A. 34:15-95(b), (c) and (d). See Balash v. Harper, 3 N.J. 437, 442 (1950); Katz v. Twp. of Howell, 67 N.J. 51, 65 (1975).
In view of the foregoing, we find that the judge below properly concluded that the Second Injury Fund was inapplicable. There is no need for a remand.
Judgment affirmed.