770 A.2d 1182

LESLIE J. WILKINS, PETITIONER–APPELLANT, v.
PRUDENTIAL INSURANCE AND FINANCIAL
SERVICES, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 12, 2001—Decided March 27, 2001.

Before Judges PETRELLA, WELLS and BILDER.

Appellant, Leslie J. Wilkins, submitted a brief pro se.

*Capehart & Scatchard,* attorneys for respondent (*Claire Y. Ringel,* of counsel; *Prudence M. Byrne,* on the brief).

The opinion of the court was delivered by

BILDER, J.A.D. (retired and temporarily assigned on recall).

This is a workers' compensation appeal. The issue is whether the circumstances surrounding the accident make the injury com-

pensable because it falls within the "special-mission" exception to the "going and coming" rule of workers' compensation liability. *See Zelasko v. Refrigerated Food Exp.*, 128 *N.J.* 329, 336, 608 *A.*2d 231 (1992); *N.J.S.A.* 34:15–36.

Petitioner Leslie Wilkins appeals from an order of the Division of Workers' Compensation dismissing his claim for disability benefits upon a finding that he had not carried his burden of proving that he sustained a compensable injury and, more particularly, that he failed to prove by a preponderance of the credible evidence that his alleged injuries arose out of and in the course of his employment. In his *pro se* brief, petitioner essentially argues that the Compensation Judge's findings were against the weight of the evidence. Because we are persuaded petitioner's work required him to be away from the conventional place of employment and he was actually engaged in the direct performance of his employment duties at the time of the accident, we agree.

Petitioner worked for respondent Prudential Insurance and Financial Services as a commission salesman, selling insurance and investment policies. He described his duties as "canvassing, prospecting, servicing clients, writing policies." Apart from reporting to the Prudential office for meetings on Tuesday and Friday mornings, petitioner essentially worked out of a home office, seven days a week, day and night, meeting potential clients at times and sites of their convenience. Although most meetings took place at client's houses, it was not unusual to meet at parking lots and write up the sales in petitioner's car. He was at the client's disposal. Prudential was aware that its salesmen performed work at home and encouraged it.

On the date of the accident, December 10, 1998, petitioner met with a client with respect to a sale of an ordered policy which had been approved by Prudential. To complete the sale, petitioner was required to deliver the policy to the client, obtain the client's signature on an acceptance letter, and mail the acceptance to Prudential in a special preprinted envelope which could be checked "policy delivery letter." After delivering the policy and

obtaining the acceptance letter, petitioner found he was unable to mail the material to Prudential because he did not have the required policy delivery envelope. In order to complete the task he went to the Prudential office in Voorhees to obtain one, intending to place the material in the envelope and take it to the Pine Hill Post Office for mailing.

On December 10, 1998, after leaving the building, while returning to his car, petitioner tripped over a broken curb and fell in the parking lot. His claim petition sought compensation for the injuries which resulted from that fall.

In his oral decision of January 7, 2000, the Compensation Judge found petitioner had left his place of employment prior to his fall and, absent an exception to the "going and coming" rule, was barred from compensation. This would appear to be a correct legal conclusion. *Novis v. Rosenbluth Travel,* 138 *N.J.* 92, 649 *A.*2d 69 (1994). However, the real issue is whether petitioner's employment and the task in which he was engaged bring him within the "special-mission" exception. *Zelasko, supra,* 128 *N.J.* at 336, 608 *A.*2d 231.

The Compensation Judge regarded petitioner's action in obtaining the special envelope as returning to his place of employment and, *ergo,* his departure as leaving his place of employment. We disagree with this conclusion. We cannot find that the evidence supports a finding that the Prudential office which petitioner visited to obtain the needed envelope was "his place of employment." It is undisputed that he was not only permitted, but encouraged, to work away from this office. The very nature of his employment required it. There is nothing in the record to show that he had any connection with the office other than the weekly morning meetings; presumably it also served as a source of supply for Prudential materials. We are satisfied that on the record before us it can only be found that petitioner was required to work away from the conventional place of employment and that he was actually engaged in the direct performance of his employment duties when he was taking the policy delivery acceptance

envelope to the post office. Therefore petitioner's activities fell within the "special-mission" exception.

Much was made at the trial and in respondent's brief as to whether it was necessary to mail the envelope from the Pine Hill Post Office rather than some other location. This is irrelevant. The manner in which petitioner carried out his duties was left strictly to him. He was not required to post the envelope at or near Prudential's Voorhees office. What is controlling is that the mailing of the envelope was a necessary part of his employment duties and the choice of how and where to post it, other than the need to use the special envelope, was left to him.

On appeal, our scope of review limits us to determining " 'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility [citation omitted] and, in the case of agency review, with due regard also to the agency's expertise where such expertise is a pertinent factor." *Close v. Kordulak Bros.*, 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965) (quoting *State v. Johnson*, 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964)); *see also Perez v. Monmouth Cable Vision*, 278 *N.J.Super.* 275, 282, 650 *A.*2d 1025 (App.Div.1994), *certif. denied*, 140 *N.J.* 277, 658 *A.*2d 301 (1995); *De Angelo v. Alsan Masons, Inc.*, 122 *N.J.Super.* 88, 89–90, 299 *A.*2d 90 (App.Div.1973), *aff'd o.b.*, 62 *N.J.* 581, 303 *A.*2d 883 (1973).

After a review of the record, we are persuaded the finding of the Compensation Judge that petitioner had not sustained his burden of proving he suffered a compensable accident on December 10, 1998 is not supported by sufficient credible evidence in the record. *See Perez v. Monmouth Cable Vision, supra*, 278 *N.J.Super.* at 282–284, 650 *A.*2d 1025.

The order is reversed. The matter is remanded for entry of a judgment of compensability and such further proceedings as are required to determine the benefits to which petitioner is entitled.