986 A.2d 38 (2010)
411 N.J. Super. 343
Jesse J. COOPER, Sr., Petitioner-Respondent,
v.
BARNICKEL ENTERPRISES, INC., Respondent-Appellant.
No. A-1813-08T3.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 2009.
Decided January 13, 2010.
Richard J. Williams, Jr., Morristown, argued the cause for appellant (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Michael J. Marone, of counsel; Mr. Williams and Sandra D. Lovell, on the brief).
Mark S. Kancher, Haddonfield, argued the cause for respondent (The Kancher Law Firm, LLC, attorneys; Mr. Kancher, on the brief).
Before Judges STERN, GRAVES[1] and LYONS.
*39 The opinion of the court was delivered by
STERN, P.J.A.D.
Barnickel Enterprises appeals from a judgment[2] of the Division of Workers' Compensation awarding a "100% disability for residuals of multiple compound comminuted fractures of both legs and left arm" suffered during an automobile accident in February 2003. As respondent employer Barnickel's master plumber and foreman, petitioner was authorized to use its truck to drive to and from home, and between job sites. On Saturday, February 8, 2003, after going to a job site, he went to the union hall in Winslow Township to discuss the plans for a new job, which was to start the following Monday, with one of two union instructors and to obtain a copy of a code referred to in the plans. Upon arriving at the union hall at approximately 11:15 A.M., petitioner discovered that the instructor he was looking for was teaching a class and talking with students. Petitioner felt he could not interrupt the instructor, and decided to take a coffee break and to return to the union hall at lunch time to talk to the instructor. Petitioner was driving his employer Barnickel's truck to a delicatessen about five miles away from the union hall when the accident occurred.
According to petitioner, coffee was not available at the union hall on Saturdays. He didn't "even know that there was a soda machine." Therefore, he went back to his truck, turned on the radio, and decided to go for coffee because he had "enough time to kill." Petitioner testified "I was going to kill some time, go get my coffee, come back and if I had time I'd sip it and when the class was over I could talk to John [the instructor] without interrupting him." The accident occurred about three to four miles from the union hall while petitioner was en route for the coffee.
The critical issue before us is whether the accident arose "in the course of" employment. N.J.S.A. 34:15-7. Barnickel argues that "the trial court's decision should be reversed because petitioner's motor vehicle accident did not arise out of and in the course of petitioner's employment with Barnickel." The finding of a permanent and total disability is not contested.
The judge of compensation found that, while waiting for the instructor, "petitioner took his regular paid coffee break and went to get some coffee up the road at a place he knew had good coffee."[3] The judge distinguished this case from Jumpp v. City of Ventnor, 177 N.J. 470, 828 A.2d 905 (2003), which he felt involved a "purely personal errand" because petitioner there had left his vehicle to retrieve his personal mail during business hours. He concluded petitioner engaged in "exactly the kind of brief activity which if embarked on by an inside employee working under set time and place limitations, would be compensable under the personal comfort doctrine." Alternatively, the judge found that "Mr. Cooper was on a special mission that was authorized by his employer" so that petitioner would be prepared for his project meeting the following work day.
*40 Barnickel argues that "petitioner's decision to seek out his preferred type of beverage at an off-site location constituted a personal errand, wholly unrelated to his work activities," and, irrespective of authorization to use the vehicle, "petitioner was not engaged in business authorized by his employer when he ventured out from the union hall to a deli four or five miles away."
An employee is entitled to compensation for an accidental injury under the Workers' Compensation Act (Act), N.J.S.A. 34:15-1 to -142, if the injury "ar[ose] out of and in the course of employment." N.J.S.A. 34:15-7, Jumpp, supra, 177 N.J. at 476, 828 A.2d 905; Acikgoz v. New Jersey Tpk. Auth., 398 N.J.Super. 79, 87, 939 A.2d 805 (App. Div.), certif. denied, 195 N.J. 418, 949 A.2d 847 (2008); Stroka v. United Airlines, 364 N.J.Super. 333, 338, 835 A.2d 1247 (App.Div.2003), certif. denied, 179 N.J. 313, 845 A.2d 138 (2004). Regarding "employment," the Act provides:
Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; but the employment of employee paid travel time by an employer for time spent traveling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent traveling to and from a job site or the authorized operation of a vehicle on business authorized by the employer.
[N.J.S.A. 34:15-36, L. 1979, c. 283, § 12, eff. January 10, 1980.]
In Jumpp, supra, 177 N.J. at 474, 828 A.2d 905, a city employee "was permitted to make brief stops at local establishments" while traveling between job sites in a city owned vehicle. He was nevertheless denied compensation for a fall suffered when he parked and left the vehicle with the motor running "to retrieve his personal mail from a local post office located on the route to one of his job sites, a habit that [his supervisor] knew about and allowed." Id.
Compensation was denied because the Court held "that when an employee is assigned to work at locations away from `the employer's place of employment,' eligibility for workers' compensation benefits generally should be based on a finding that the employee is performing his or her prescribed job duties at the time of the injury." Id. at 482, 828 A.2d 905 (quoting N.J.S.A. 34:15-36). The Court explained that "[b]ecause off-premises employees may not report to a single `premises,' the statute provides that they are to be compensated only for accidents occurring in the direct performance of their duties.... Employees who are where they are supposed to be, doing what they are supposed to be doing, are within the course of employment whether on- or off-premises, except when they are commuting." Id. at 483, 828 A.2d 905.
The Jumpp Court explained that the 1979 amendments to the workers' compensation statute were designed to narrow the minor deviation rule and "limit[ ] the reach of the workers' compensation statute." Id. at 482, 828 A.2d 905. However, the Court stressed that the rule which allowed compensation for injuries that occurred in a *41 minor deviation from employment was not "eliminated by the 1979 amendments" to the Act. Id. at 483-84, 828 A.2d 905. The test of whether a minor deviation is compensable depends on "whether that employee has embarked on a personal errand that would have been compensable if carried out by an on-premises employee." Id. at 484, 828 A.2d 905. The Court explained that
[o]ff-premises employees enjoy the same ability to deal with certain basic needs enjoyed by on-premises employees such as phone calls to babysitters and physicians as well as coffee and lunch breaks. Although the line is difficult to draw, those minor deviations are different in kind from shopping excursions during lunch hour or a visit to a travel agent to plan a vacation, even when the agent works in the same building as the employee seeking benefits.
[Id. at 483, 828 A.2d 905 (emphasis added).]
In Sager v. O.A. Peterson Const. Co., 182 N.J. 156, 862 A.2d 1119 (2004), a compensation award was upheld by the Supreme Court in circumstances in which a carpenter was injured en route back to the job site after eating dinner when the work day was extended and the workers could not return from the work site in New York to New Jersey due to the events of September 11, 2001. Id. at 158-59, 862 A.2d 1119. The Court determined that the decision to go to dinner early and extend the work day was an authorized "directive" of the on-site supervisor. Id. at 158, 164-65, 862 A.2d 1119. Because Jumpp was on a personal errand, and "because [the Jumpp] analysis centered on the `minor deviation rule'" the Sager Court distinguished Jumpp. Sager, supra, 182 N.J. at 167, 862 A.2d 1119. The Court added that under Jumpp, employees are in the course of their employment, "`whether on- or off-premises,'" when they are "`doing what they are supposed to be doing.'" Ibid. (quoting Jumpp, supra, 177 N.J. at 483, 828 A.2d 905.)[4]
Here, the judge of compensation made comprehensive findings based on credibility determinations. He found that petitioner was an "off-site" employee who, facing an extended wait to consult with an expert concerning a work-related issue, was injured while driving for a cup of coffee. It cannot be expected that he would stand like a statue or remain at the union hall with nothing to do for such a period, particularly when there was no coffee available at the site. We cannot conclude in these circumstances that the injuries were not compensable merely because petitioner chose to take his authorized "coffee break" other than at the closest location. The distance of the coffee shop from respondent's off-site jobsite was reasonable given the rural nature of the community in Winslow Township and the time petitioner had to wait to seek the counsel he sought. The judge found petitioner to be credible, and under Jumpp, accidents occurring during coffee breaks for off-site employees, which are equivalent to those of on-site workers, are minor deviations from employment which permit recovery of workers' compensation benefits. Jumpp, supra, 177 N.J. at 483, 828 A.2d 905.
The judgment granting compensation to petitioner is affirmed.
NOTES
[1] Judge Graves did not participate at oral argument but, with the consent of the parties, participated in the disposition of the appeal.
[2] Subsequent to granting a motion for reconsideration, the judge rendered his opinion in a written decision.
[3] Petitioner was driving for coffee at a place he knew because "it's not uncommon to go where you want" and by-pass other places. Respondent claimed petitioner was en route "to aid" a former girlfriend who had been in an unrelated accident. She testified that he was en route to take her to the emergency room. The judge rejected the former girlfriend's credibility.
[4] The Sager Court also emphasized our limited scope of review and that the judge of compensation's findings are binding when based, as here, on "sufficient credible evidence in the record." Id. at 164, 862 A.2d 1119.