**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2280-17T1

MARKO MILETIC and
MILENA MILETIC,

     Plaintiffs-Appellants,

v.

SERGIO PEREZ, HILDA PEREZ,
Individually and doing business as
JUGENDOES APRENDEMOS
CHILD CARE CENTER,

     Defendants-Respondents.

_____

Submitted February 6, 2019 – Decided September 5, 2019

Before Judges Nugent and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2645-11.

Marko Miletic and Milena Miletic, appellants pro se.

Respondents have not filed a brief.

PER CURIAM

Following a plenary hearing, Judge Joseph A. Turula enforced a settlement agreement between plaintiffs, Marko Miletic and Milena Miletic, and defendants, Sergio Perez and Hilda Perez. Plaintiffs appeal from the ensuing order dismissing the case with prejudice. For the reasons that follow, we affirm.

Plaintiffs owned a West New York, New Jersey apartment building. Defendants owned an adjacent building, which they used for a day care center. Without plaintiffs' authorization, defendants painted one wall of plaintiffs' building—which was made of brick and stucco—yellow. Plaintiffs sued. The parties settled the case and signed a Stipulation of Settlement, which included the following terms:

> 2. No later than August 31, 2015, the [d]efendants shall remove all of the paint (i.e., no paint may remain) on [p]laintiffs' wall, down to the brick and stucco. The work shall be performed by a fully licensed and insured ($1,000.000.00 liability coverage) contractor. Defendants shall provide the name, address and license information of the contractor to [p]laintiffs seven (7) days before work may commence, via e-mail, . . . . The [d]efendants must obtain all permits as required by law. The [d]efendants shall not cause any damage to [p]laintiffs' property and shall indemnify the [p]laintiffs as to the same. Defendants shall also indemnify [p]laintiffs for any damages that might arise to [p]laintiffs or any third party related to the paint removal work.
>
> . . . .

2

4.     Upon payment of said $15,000, completion of work set forth in paragraph [two] and the execution of mutual releases, [p]laintiffs will file a stipulation of dismissal, with prejudice, with the court.

5.     In the event of [d]efendants' default in removing the paint, the [p]laintiffs shall be permitted to hire a contractor of their choice to complete the work. Defendants shall have no input into the hiring decision. Defendants shall reimburse the [p]laintiffs for this cost within [thirty] days of presentation of an invoice. Such invoice shall be considered presented once it is mailed via certified mail.

6.     In the event of [d]efendants' default, and if said default is not cured within seven (7) days of same, [d]efendants agree that [p]laintiffs shall be entitled to judgment against the [d]efendants for $25,000.00 and the cost to [d]efendants to remove the paint, plus attorneys' fees, interest and costs, giving the [d]efendants credit for any and all payments made. Notice shall be given to [d]efendants' counsel by certified mail, return receipt requested and first class mail.

When a dispute arose over whether defendants had complied with the settlement terms, plaintiffs filed a motion to enforce the settlement. Defendants filed a cross-motion seeking an order of dismissal with prejudice. Unable to resolve the dispute on the motion papers, Judge Turula conducted a plenary hearing. The parties presented the following evidence at the hearing.

According to plaintiff Marko Miletic, rather than removing the yellow paint, defendants repainted the wall "a gray color[.]" He testified he never told

3

defendants to paint the wall gray. Miletic presented a photograph of the wall, painted gray, and testified the wall remained in that condition as of the date of the hearing.

Defendants presented the testimony of a man who worked on the sprinkler system (the sprinkler worker) at defendant's day care center. He testified he helped the contractor who was removing the yellow paint. The sprinkler worker testified that on the day the paint removing contractor was finishing up, Marko Miletic came to the jobsite. The sprinkler worker knew him from other jobs. Miletic pointed to yellow paint on an electrical conduit pipe and said he wanted it removed. All the yellow paint was removed. The sprinkler worker identified photographs of the wall with the yellow paint removed.

The sprinkler worker also testified the paint removal had left the wall "looking kind of beat up," so Miletic suggested they cover the whole wall "so there would be no water protruding through the wall in case it rained heavy." According to the sprinkler worker, Miletic made the comments in front of the paint removal contractor and another man.

Defendants also presented the testimony of the paint removal contractor. He identified photographs of the wall after the paint was removed. According

4 <span></span>

to him, there were no yellow areas of paint remaining on the wall, with the exception of a small area at the very bottom of the wall.

The contractor confirmed his men were in the final stages of removing the paint when Marco Miletic came to the jobsite. Miletic suggested they put cement on the wall to finish it after removing the yellow paint. On the day the conversation took place, the contractor had removed most of the paint, but there remained a small part where there were some metal pipes covering phone cables. The contractor confirmed that Miletic asked that the paint be removed from those tubes, or pipes.

Defendant Hilda Perez testified she went to the day care center daily.[1] She witnessed plaintiff Marco Miletic, the sprinkler worker, and the paint removal contractor talking on a day after the yellow paint had been removed from the wall. During cross-examination, Perez testified the covering on the wall was gray cement, not gray paint.

Ms. Perez's son also testified. He oversaw the day-to-day operation of the property his mother owned, including the day care center operated at the location. Her son testified that one day when he was at the day care center, he

---

[1] Defendant Hilda Perez's husband, defendant Sergio Perez, had died before the hearing began.

saw plaintiff, Marco Miletic. This was after the parties had entered into the stipulation of settlement. Miletic said the entire matter would be resolved if defendants paid him $10,000. Defendant's son became furious and said he had already paid the settlement money. Miletic said he would never be happy, and the son replied Miletic was extorting his mother. Miletic just shook his head and walked away.

The son testified that after their paint removal contractor removed the yellow paint, the contractor called him and said Miletic would prefer to have a cement wash or some type of protective barrier put on the wall. Defendants accommodated Miletic and added the cement wash.

Based on the foregoing testimony and exhibits, including the photographic evidence, Judge Turula found in favor of defendants and dismissed the complaint with prejudice. The judge found that defendants had complied with the settlement agreement by removing the yellow paint.

Judge Turula rejected plaintiff Marko Miletic's testimony—that he in no way, shape, or form asked for anything to be done to the wall other than the removal of the yellow paint—as not credible. The judge explained that defendants performed in accordance with the terms of the stipulation of settlement, but the addition of the coating, which the witnesses referred to as a

cement coating or gray paint, was outside the scope of the stipulation of settlement. The court found it "inconceivable" that defendants' son, a businessman, "would shake up the bee's hive" by adding the coating after removing the paint if Marko Miletic did not want the grey coating added. The court noted the son wanted to be done with this issue.

Judge Turula concluded the stipulation of settlement had been complied with and the extra coating had been applied to protect the building from water intrusion. The judge also found the application of the coating was authorized by Mr. Miletic. We note that Judge Turula found the testimony not only of defendants' son, but the sprinkler worker as well, to be credible. The judge dismissed the complaint with prejudice. Plaintiffs filed this appeal.

Our review of the decision of a judge who has conducted a hearing without a jury is limited in scope. "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 506 (2016) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). The court's findings of fact are "binding on appeal when supported

A-2280-17T1

by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 41-12 (1998) (citation omitted).

We also give "due regard" to the judge's ability to determine credibility. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965); De Angelo v. Alsan Masons, Inc., 122 N.J. Super. 88, 89–90 (App. Div. 1973). Deference must be given to those findings of the trial judge that are substantially influenced by the opportunity to hear and see witnesses and to have the feel of the case. State v. Johnson, 42 N.J. 146, 158–59 (1964). "When the reviewing court is satisfied that the findings meet this criterion, its task is complete and it should not disturb the result, even though it has the feeling it might have reached a different conclusion were it the trial tribunal." Id. at 162.

Plaintiffs argue that the trial court erred by failing to properly interpret the settlement agreement. Plaintiffs also argue the court erred by finding a novation rather than a modification, and the court should have awarded plaintiffs liquidated damages, although they did not raise these arguments at the hearing.

We affirm, substantially for the sound reasons expressed by Judge Turula in his oral opinion following the hearing. Judge Turula's fact and credibility findings are amply supported by the record. They are not at all inconsistent with the competent, relevant, and reasonably credible evidence so as to offend the

8

interests of justice. Accordingly, we affirm the order dismissing plaintiffs' complaint with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2280-17T1