**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1676-19

LYNN PILONE,

    Petitioner-Appellant,

v.

COUNTY OF MIDDLESEX,

    Respondent-Respondent.

_____

Submitted January 13, 2021 – Decided March 15, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Department of Labor and Industry, Division of Workers' Compensation, Docket No. 2017-13220.

Gill & Chamas, LLC, attorneys for appellant (Mark J. Jaffe, on the brief).

Cleary Giacobbe Alfieri Jacobs, LLC, attorneys for respondent (Sean T. Kean, on the brief).

PER CURIAM

Petitioner Lynn Pilone appeals from the December 12, 2019, order of the Judge of Workers' Compensation (JWC) dismissing her employee claim petition. We affirm.

The following facts are taken from the record. On March 21, 2017, petitioner, an assistant prosecutor at the Middlesex County Prosecutor's Office in New Brunswick, fell and suffered an injury as she was walking to a donut shop with a co-worker to discuss an interview she was preparing to have with a victim-witness. The Prosecutor's main office is located at 25 Kirkpatrick Street (Kirkpatrick), and petitioner's office was located about one block away at 100 Bayard Street (Bayard). As part of her job, petitioner often walked between Kirkpatrick, Bayard, and the Middlesex County Superior Court, on Paterson and New Streets. Petitioner would leave Bayard several times a day to walk to the main office or to the court.

On March 21, 2017, petitioner arrived at her Bayard office between 8:30 and 9:00 a.m. She was planning to meet with a victim-witness later that day but wanted to discuss the case with a colleague, Helen Zanatakos, because of Zanatakos's experience as a fellow assistant prosecutor. Petitioner and Zanatakos decided to meet at 11:00 a.m. Petitioner met Zanatakos in front of Kirkpatrick and the two started walking to the donut shop, one block away.

A-1676-19

Petitioner fell on the sidewalk in front of a parking lot near Kirkpatrick. She was taken by ambulance to a hospital.

On May 15, 2017, petitioner filed an employee claim petition for workers' compensation benefits under N.J.S.A. 34:15-7 due to the March 21, 2017, slip and fall that caused injuries. In June 2017, Middlesex County responded, confirming petitioner was its employee, but denied petitioner suffered a compensable injury that arose out of and in the course of her employment. Middlesex County moved to dismiss petitioner's claim for lack of prosecution, which was withdrawn after petitioner provided her medical records. The June 21, 2019, trial hearing was bifurcated, first addressing whether petitioner's injury was compensable.

Petitioner testified she was not taking a break for lunch when she fell, but was attempting to discuss a case with Zanatakos face-to-face and it was her common practice to meet her colleagues outside of the office to discuss cases, as Bayard and Kirkpatrick could be too busy. She intended to purchase a coffee at the shop and discuss the case inside, and "probably" brought the file with her to this public place because taking it with her would not have been prohibited.

Zanatakos testified petitioner had a bag with her, which may or may not have contained the victim-witness's file, and they were meeting to discuss how

to approach this particular victim-witness. Zanatakos was under the impression the victim-witness was dissatisfied with how her case had proceeded, and Zanatakos was asked to provide guidance on how to speak with the victim-witness. Zanatakos acknowledged she and petitioner sometimes met for coffee to discuss personal matters and work would come up, but this meeting had a specific purpose to address petitioner's upcoming meeting.

The parties subsequently submitted briefs on the issue, and the JWC issued a written decision on October 24, 2019. The JWC found petitioner's injury did not arise out of and in the course of her employment and dismissed the petition for failure to carry her burden of proof on November 12, 2019. This appeal followed.

Petitioner argues the JWC erred by applying the "premises rule" to her case and should have recognized the special mission exception. We disagree.

"Appellate review of [factual findings in] workers' compensation cases is 'limited to whether the findings made could have been reached on sufficient credible evidence present in the record . . . with due regard also to the agency's expertise[.]'" Hersh v. County of Morris, 217 N.J. 236, 242 (2014) (quoting Sager v. O.A. Peterson Constr., 182 N.J. 156, 164 (2004)). Nonetheless, "the judge of compensation's legal findings are not entitled to any deference and,

thus, are reviewed de novo." Id. at 243. Petitioner does not challenge the JWC's factual findings but only his legal conclusions from those findings.

A petitioner bears the burden of establishing the compensability of the claim being made. See Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 263 (2003); Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994). In accordance with N.J.S.A. 34:15–7, a workers' compensation benefits award is authorized to an employee injured in an "accident arising out of and in the course of employment." The term "employment" is further defined in N.J.S.A. 34:15–36, which provides: "employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer[.]"

N.J.S.A. 34:15–36 was part of the Legislature's amendment to the New Jersey Workers' Compensation Act in 1979, which reinstituted the premises rule that limits an employer's liability only for injuries occurring in areas controlled by the employer. Cressey v. Campus Chefs, Div. of CVI Serv., Inc., 204 N.J. Super. 337, 343 (App. Div. 1985). Absent a definition of "control" in the Act, the Supreme Court "has stated that control exists when the employer owns, maintains, or has exclusive use of the property." Kristiansen v. Morgan, 153

5

N.J. 298, 317 (1998) (citing Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 104 (1988)). Thus, whether the Act compensates an employee's injury that occurred during ingress or egress to work is a fact-sensitive determination regarding the employer's control over the situs of the accident.

The amendment provided "relief from the far-reaching effect of the [pre-1979] decisions by defining and limiting the scope of employment." Hersh, 217 N.J. at 244. Specifically, "the Legislature for the first time defined on-premises and off-premises employment." Jumpp v. City of Ventnor, 177 N.J. 470, 480 (2003). Petitioner argues the JWC improperly applied Hersh, 217 N.J. at 236, because Hersh addresses a claimant who was walking to and from a parking garage when she was injured, and erroneously relied on a different portion of N.J.S.A. 34:15-36:

> Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer[.]

Petitioner asserts the second half of that sentence in N.J.S.A. 34:15-36, which was not discussed in Hersh, is more applicable here:

> [P]rovided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the

6

A-1676-19

course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer[.]

Petitioner refers to the special mission exception to the coming and going, or premises, rule. She argues her job required her to regularly walk between Kirkpatrick, Bayard, and various courts in the immediate vicinity, and this day was no different. We reject her argument. Hersh delineated a two-part test, wherein the pivotal questions are the "situs of the accident" and "the degree of employer's control." 217 N.J. at 250. Accepting the situs of the accident as the parking lot, there is no valid reason to extend liability to the Prosecutor's Office arising from a public walkway. It had no control of the public walkway, or ultimately, the coffee shop.

Petitioner argues Wilkins v. Prudential Insurance and Financial Services is applicable in this case. 338 N.J. Super. 587 (App. Div. 2001). We disagree. The Wilkins claimant was directed to be offsite. Wilkins's job duties for Prudential Insurance and Financial Services as a salesperson included "canvassing, prospecting, servicing clients [and] writing policies." Id. at 589. He did fall within the special mission exception, because "he was not only permitted, but encouraged, to work away from this office." Id. at 590. Indeed, the "very nature" of his employment was to leave his office.

7

Petitioner contends she was required to regularly walk between Kirkpatrick, Bayard and the courts, but she was not required to go the donut shop. Although N.J.S.A. 34:15-36 extends compensability to duties assigned or directed by the employer, petitioner did not demonstrate that meeting at the donut shop was assigned or directed by the Prosecutor's Office.

For the same reasons, Cooper v. Barnickel Enters., 411 N.J. Super. 343 (App. Div. 2010), and Jumpp, 177 N.J. at 473-74, offer petitioner no relief. Those cases also involved employees who were directed away from their primary place of employment to perform authorized tasks or to take breaks. That was not the case here.

In Goulding v. NJ Friendship House, ___ N.J. ___, ___ (2021) (slip op. at 1), decided while this appeal was pending, our Supreme Court examined N.J.S.A. 35:15-7's exception to the general rule that an employee injured during a social or recreational activity cannot receive compensation for such injuries. When an employee was injured volunteering at her employer's "Family Fun Day," an event held for its clients, the Court ruled, "[w]hether an activity is social or recreational should turn on the employee's role in the activity—whether she was participating as a guest or providing services for her employer at the event." Id. at 2. The Court viewed Goulding's involvement as incident to her

A-1676-19

employment because "but for her employment she would not have been asked to volunteer and would not have been injured". Id. at 3. The same analysis does not extend to petitioner's circumstances. Here, petitioner has maintained this trip was to an off-site location to perform a work duty, one she could have performed in her place of employment. Thereby, she escapes relief under social, recreational, special mission and minor deviation exceptions to the coming and going rule.

We agree with the JWC judge's determination that petitioner's injury is not compensable under the Act. Based on the record before us, petitioner would have us hold her employer liable for an injury that occurred on a public sidewalk over which her employer had no authority or control. This is contrary to Hersh and the public policy expressed by our Legislature that, pursuant to the premises rule, an employer is only liable for employee injuries that occur on premises over which the employer has control.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION