**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3625-19

ANDREW MACKOFF,

     Petitioner-Appellant,

 v.

NEW BRUNSWICK SAW
SERVICE,

     Respondent-Respondent.

_____

Submitted March 3, 2021 – Decided July 14, 2021

Before Judges Ostrer and Enright.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2018-34627.

Fuhrman & Edelman, attorneys for appellant (Ronald B. Edelman, on the brief).

Ann Debellis, attorney for respondent (Kathleen L. Burghardt, on the brief).

PER CURIAM

Petitioner Andrew Mackoff appeals from the May 5, 2020 dismissal of his worker's compensation claim petition with prejudice and the denial of his motion for medical and temporary disability benefits. We affirm.

Petitioner was employed by respondent New Brunswick Saw Services as a salesperson and account manager. Respondent sells and services food processing equipment and meat room equipment, such as band saws, mixers and grinders. Petitioner worked mostly from home, but as part of his duties, he traveled to his clients' businesses for meetings and service calls. He also met with prospective clients in his assigned territories, which included New Jersey, northern Delaware, parts of Pennsylvania, New York City, and southern Connecticut. He worked approximately forty-five hours a week, including weekends, but was not required to submit a daily schedule to his superiors.

On December 3, 2018, petitioner left his home in Blackwood for a 10:00 a.m. meeting with a client in West Caldwell. The meeting lasted roughly one hour, following which petitioner decided he would visit a favorite hot dog place, the Galloping Hill Inn in Kenilworth. He intended to head south and stop off at his office in Middlesex after he ate lunch. On his way to the Galloping Hill Inn, petitioner was involved in a car accident.

A-3625-19

Approximately three weeks later, petitioner filed an employee claim petition for workers' compensation benefits under N.J.S.A. 34:15-7, alleging he sustained compensable injuries to his head, neck and back during the accident. Respondent acknowledged petitioner was its employee, but denied he sustained a compensable injury that arose out of and in the course of his employment. Subsequently, petitioner filed a motion for medical and temporary disability benefits and respondent opposed same.

In June 2019, the parties appeared before Compensation Judge Ingrid L. French for an evidentiary hearing. In describing the events that led up to his December 3, 2018 accident, petitioner testified that once his meeting in West Caldwell ended, he "didn't have anything pressing to do at that point." Because he had not been to his office "in a while . . . [and] was up in the northern part of the area, [he] figured at some point [he] would stop in the office." However, he "was hungry" and "was going to get food first" before he drove south to his office in Middlesex. He decided to go to the Galloping Hill Inn for lunch because it "was like a nostalgia place" and he "had been going there forever." Petitioner added, "my intention was to go to lunch at that point. So, I was heading specifically to that hot dog place, which theoretically, I was going to a prospect because they sell and serve . . . they have slicers, they sell sandwiches.

3

So it's a . . . potential customer for me." On cross-examination, petitioner acknowledged Galloping Hill Inn was never a customer and was located approximately an hour away from his meeting in West Caldwell. Petitioner also testified he had other customers in the area of the Galloping Hill Inn but had not arranged to visit them after his meeting in West Caldwell.

On May 5, 2020, Judge French denied petitioner's motion for benefits and dismissed his claim. She found petitioner failed to prove by a preponderance of credible evidence he had a work-related accident, and thus failed to establish compensability. The judge concluded petitioner was "en route to the hot dog place in Kenilworth" when the motor vehicle accident occurred, but petitioner did not intend to "prospect" the hot dog establishment. Instead, his "primary purpose for driving to the hot dog place was personal and not work-related." She noted petitioner

> unequivocally testified that immediately following his [West Caldwell] meeting . . . he was going to get his lunch at the "hot dog place." Then, his attorney prodded him to state that "theoretically," the "hot dog place" was also a prospective customer. Specifically, and in support of this "theory," the petitioner stated that "any" food establishment that sells prepared food is a potential customer.

The judge found "[p]etitioner's lack of conviction to the 'theory' of the hot dog place being a potential customer was obvious to the [c]ourt." She added

4

that not every place where petitioner might stop to eat was a "work-related venture." Further, she concluded that although he had other customers in the area, petitioner had no scheduled meetings or appointments near the hot dog place. Finally, the judge determined,

> [s]ince the petitioner's sole intention was to get his lunch, the court does not find that the petitioner's accident occurred out of or in the course of his employment. The court concludes therefrom that the petitioner had completed his work day and was on his way to lunch when he was involved in a motor vehicle accident.
>
> The court hereby dismisses this claim for failure to sustain the burden of proof as to compensability.

On appeal, petitioner presents the following contentions for our consideration:

> I. Petitioner Had Not Completed His Work Day When He Was Involved In A Motor Vehicle Accident On His Way To Lunch.
>
> II. Petitioner's Going To The Hot Dog Restaurant For Lunch Was No More Than A Minor Deviation In His Work Schedule. (Issue not raised below).

We do not find these arguments convincing.

A petitioner bears the burden to establish the compensability of the claim being made. Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 279 (2003). Additionally, our review of workers' compensation cases is "limited to

5

whether the findings made could have been reached on sufficient credible evidence present in the record." Hersh v. Cty. of Morris, 217 N.J. 236, 243 (2014) (quoting Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004)). We give "substantial deference," Ramos v. M & F Fashions, Inc., 154 N.J. 583, 594 (1998), to the factual findings of a judge of compensation "in recognition of the compensation judge's expertise and opportunity to hear witnesses and assess their credibility." Goulding v. NJ Friendship House, Inc., 245 N.J. 157, 167 (2021). However, we do not defer to a judge of compensation's legal conclusions. Hersh, 217 N.J. at 243.

"An employee is entitled to compensation for an accidental injury under the Workers' Compensation Act, N.J.S.A. 34:15-1 to -142, if the injury 'a[rose] out of and in the course of employment.'" Cooper v. Barnickel Enters., Inc., 411 N.J. Super. 343, 346 (App. Div. 2010) (alteration in original) (quoting N.J.S.A. 34:15-7). The definition of "employment" under the statute is multi-faceted and includes situations in which the employee is physically away from the employer's premises, but nevertheless is "engaged in the direct performance of duties assigned or directed by the employer." N.J.S.A. 34:15-36; see also Cooper, 411 N.J. Super. at 346.

The Supreme Court in <u>Jumpp v. City of Ventnor</u>, 177 N.J. 470, 482 (2003) noted that "when an employee is assigned to work at locations away from the employer's place of employment, eligibility for workers' compensation benefits generally should be based on a finding that the employee is performing his or her prescribed job duties at the time of the injury." (Internal quotation marks omitted). Eligibility for benefits also has been found for employees who have been injured in the course of a "minor deviation" from their duties. <u>Id.</u> at 484.

Here, petitioner admitted that to go from his meeting in West Caldwell to the Galloping Hill Inn, he would have been heading east and the trip would have been "about an hour ride." Moreover, he acknowledged that if he drove to Galloping Hill Inn to "get a hot dog" and then went to his office it "would have been about two hours out of [his] way" versus "going directly to [his] office" from the site of his West Caldwell meeting. Further, he admitted Galloping Hill Inn was never a customer and he did not have any appointments in the Union or Kenilworth area with any of his potential customers. Considering petitioner's testimony, we shall not disturb Judge French's finding that despite "his attorney's attempt to bootstrap the purpose of the trip to the hot dog place into a 'generalized' work-related theory, the petitioner would not unequivocally state that he intended to prospect the 'hot dog place.'" We also are satisfied Judge

French adhered to the principles enunciated in <u>Jumpp</u> when she found petitioner's "primary purpose for driving to the hot dog place was personal and not work-related."

We need not address petitioner's second argument that his travel to the Galloping Hill Inn was a "minor deviation," because this contention was not raised before Judge French.  <u>See</u> <u>Selective Ins. Co. of Am. v. Rothman</u>, 208 N.J. 580, 586 (2012); <u>see also</u> <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973).  Nonetheless, we note that in <u>Jumpp</u>, the Court acknowledged N.J.S.A. 34:15-36 expressed a "clear legislative mandate sharply curtailing compensability for off-premises accidents."  <u>Jumpp</u>, 177 N.J. at 482 (citations omitted).  It further determined that:

> [i]n cases involving an alleged minor deviation, the question is not whether the off-premises employee was satisfying a personal need, the completion of which is neither incidental to his . . . employment . . . nor beneficial to the employer, but rather, whether the employee has embarked on a personal errand that would have been compensable if carried out by an on-premises employee.
>
> [<u>Id.</u> at 484 (internal quotation marks and citations omitted) (alteration in original).]

Here, we are persuaded that even if petitioner's intended ultimate destination was his office in Middlesex, his detour to Kenilworth was not minor

A-3625-19

in nature. That is to say, much like the employee in <u>Jumpp</u> who was ineligible for workers' compensation benefits for injuries sustained while returning from his post office errand, petitioner's decision to travel an hour east from his West Caldwell meeting because he was hungry and "going to get food first" was not the sort of activity that "would have been compensable if carried out by an on-premises employee." <u>Ibid.</u>

To the extent we have not addressed any remaining arguments advanced on appeal, we find them lacking sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION